IN THE  UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CDBD HOLDINGS, INC.,** | |
| Plaintiff, | Case No.   7:23-cv-00071 |
| v. | |
| **ELIZABETH SLAVUTSKY, an Individual; YES FOOD LLC, d/b/a BLUE DOG CAFE; ANGELIC FOODS INC, d/b/a BLUE DOG KITCHEN BAR; BLUE DOG CAFÉ AT LE PARKER MERIDIEN INC.; HEALTHY HAVEN INC, d/b/a BLUE DOG COMMISSARY; LAVENDER KALE LLC; PEAR SQUARED LLC; VIOLET PEAR SQUARED LLC; PURPLE COCONUT LLC; AND YANNA SLAVUTSKY, an Individual.** | |
| Defendants. | |

## COMPLAINT

CDBD Holdings, Inc. ("**Lender**"), by and through its undersigned counsel, files this Complaint against Defendants Elizabeth Slavutsky; Yes Food LLC, d/b/a Blue Dog Café;  Angelic Foods Inc., d/b/a Blue Dog Kitchen Bar; Blue Dog Café at Le Parker Meridien Inc.; Healthy Haven Inc., d/b/a Blue Dog Commissary; Lavender Kale LLC; Pear Squared LLC; Violet Pear Squared LLC; Purple Coconut, LLC; and Yanna Slavutsky (collectively, the "**Defendants**"), and respectfully alleges and states as follows:

## I.  JURISDICTION AND VENUE

1.      This is a civil action in which the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states.  Therefore, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

2.      Venue is proper pursuant to 28 U.S.C. § 1391(b), as one or more of the Defendants reside within this judicial district, a substantial part of the events or omissions giving rise to the claim occurred within this judicial district, and a substantial part of the property that is the subject of this action is situated within this judicial district.

## II.  PARTIES

3.      Lender is a corporation duly organized and existing under the laws of Tennessee, with its principal place of business located at Suite 200, 40 Burton Hills Blvd, Nashville, Tennessee, 37215.

4.      Defendant Elizabeth Slavutsky is a citizen of the State of New York, with an address of 2440 Broadway, #280, New York, NY 10024, and is employed within the State of New York, although she has, from time to time, alleged citizenship in the State of Florida, claiming an address of 90 Alton Road, Unit PH 3205, Miami Beach, FL 33139.

5.      Defendant, Yes Food LLC, d/b/a Blue Dog Café, is a New York limited liability company with a principal place of business at 155 W. 56th Street, New York, NY 10019 and a registered address of c/o The LLC, 152 West 57 St., New York, NY 10019.

6.      Defendant, Angelic Foods Inc., d/b/a Blue Dog Kitchen Bar, is a New York corporation with a principal place of business at 101 W. 25th Street, New York, NY 10001, and a registered address of c/o Elizabeth Slavutsky, 100 West 93rd St. Apt. 25C, New York, NY 10025.

7.      Defendant, Blue Dog Café at Le Parker Meridien Inc., is a New York corporation with a principal place of business at 119 W. 56th Street, New York, NY  10019, and a registered address of c/o The Corporation, 119 West 56 St. New York, NY  10019.

8.      Defendant, Healthy Haven Inc., d/b/a Blue Dog Commissary, is a New York corporation with a principal place of business at 41-18 38th Street, Long Island City, NY  11101, and a registered address of c/o Yanna Slavutsky, 2440 Broadway, Ste 280, New York, NY  10024.

9.      Defendant, Lavender Kale LLC, is a New York limited liability company with a registered address of c/o Yanna Slavutsky, 2440 Broadway, Ste 280, New York, NY  10024.

10.     Defendant, Pear Squared LLC, is a New York limited liability company with a registered address of c/o Yanna Slavutsky, 100 West 93rd Street, Apt. 10F, New York, NY 10023.[1]

11.     Defendant, Violet Pear Squared LLC, is a New York limited liability company with a registered address of c/o Yanna Slavutsky, 100 West 93rd Street, Apt. 10F, New York, NY 10023.[2]

12.     Defendant, Purple Coconut LLC, is a New York limited liability company with a registered address of c/o Yanna Slavutsky, 2440 Broadway, Ste 280, New York, NY, 10024.

13.     Defendant, Yanna Slavutsky, is a citizen of the State of New York, with a residence at 100 W. 93 Street, #10F, New York, NY  10025.

14.     Each of the Borrowers (defined below) either presently owns and/or operates restaurant, diner and/or other types of food and beverage wholesale and retail operations doing business under the trade name "Blue Dog" (the "**Blue Dog Tradename**") or has done so in the past.

---

[1] The zip code appearing in the registered address appears to contain a typographical error, as, upon information and belief, the correct zip code is 10025.
[2] See fn. 1.

### III.  <u>NATURE OF SUIT</u>

15.     By this action, Lender is seeking an order requiring surrender of and/or to replevy personal property in the possession of the Defendants (the "**Collateral**") that is subject to a security interest in favor of Lender, which Collateral includes, *inter alia*, all equipment, goods, inventory, trade names, commercial tort claims, contracts, and ownership interests in businesses.    This dispute has resulted from the Defendants' default on an obligation to Lender in an amount exceeding **$9,179,254.46,** which sum includes principal and accrued interest through December 15, 2022.

### IV.  <u>RELEVANT FACTS</u>

16.     On or about November 7, 2017, Defendants, Elizabeth Slavutsky, Yes Food LLC, Angelic Foods Inc., Blue Dog Café at Le Parker Meridien Inc., Healthy Haven Inc., Lavender Kale LLC, Pear Squared LLC, Purple Coconut LLC, and Violet Pear Squared LLC (collectively, the "**Borrowers**") executed and delivered a certain Promissory Note and Security Agreement (the "**Note Agreement**") to D&D Funding II, LLC ("Original Lender").   A true and correct copy of the Note Agreement is attached hereto as **Exhibit A** and is incorporated by reference as if fully restated herein at length.

17.     Pursuant to Section 5 of the Note Agreement, each of the Borrowers pledged the following Collateral to secure the payment of Borrowers' obligations under the Loan Documents (the "**Borrower Collateral**"):

> (a) all Accounts and all Goods; (b) all Chattel Paper, Instruments, Documents and General Intangibles (including, without limitation, all patents, patent applications, trademarks, trademark applications, trade names, trade secrets, goodwill, copyrights, copyright applications, registrations, licenses, software, franchises, customer lists, tax refund claims, claims against carriers and shippers, guarantee claims, contract rights, payment intangibles, security interests, security deposits and rights to indemnification); (c) all

4

Inventory; (d) all Goods, including, without limitation, Equipment, vehicles and Fixtures; (e) all Investment Property; (f) all Deposit Accounts, Securities Accounts, bank accounts, deposits and cash; (g) all Letter-of-Credit Rights; (h) all Commercial Tort Claims, including those listed on Exhibit A hereto and shall include all Claims, Litigations, Judgments, Litigation Recoveries, rights under any appeal bond or similar instrument posted by any of the defendants in the Litigation, and rights and funds deposited in the Receivables Account; (i) all Supporting Obligations; (j) all Contracts; and (k) all additions and accessions to, substitutions for, and replacements, products and Proceeds of the foregoing property, including, without limitation, proceeds of all insurance policies insuring the foregoing property, and all of such Loan Party's books and records relating to any of the foregoing and to such Borrower's business.

18.    Exhibit A to the Note Agreement expressly indicates that the pledge of Commercial Tort Claims includes "Any claim, litigation or other proceeding arising out of the engagement of Seyfarth Shaw, LLP, as counsel to Elizabeth Slavutsky and/or Blue Dog 399".

19.    Also on November 7, 2017, and to further secure payment Borrowers' obligations under the Note Agreement, Defendant, Yanna Slavutsky (the "**Guarantor**"), executed and delivered a certain Limited Guaranty (the "**Guaranty**") to Lender.    A true and correct copy of the Guaranty is attached hereto as **Exhibit B** and is incorporated by reference as  if fully restated herein at length.

20.     Also on November 7, 2017, and to further secure payment under the Note Agreement and Guaranty, respectively, Elizabeth Slavutsky and Guarantor, each as pledgors, executed and delivered a certain Pledge Agreement (the "**Pledge Agreement**"), pursuant to which Elizabeth Slavutsky and Guarantor each unconditionally pledged their respective ownership interests in the Borrowers and related businesses as collateral.    A true and correct copy of the Pledge Agreement is attached hereto as **Exhibit C** and is incorporated by reference as  if fully

restated herein at length.   (Collectively, the Note Agreement, Guaranty and Pledge Agreement are the "**Loan Documents**".)

21.    Pursuant to the Pledge Agreement, Elizabeth Slavutsky pledged the following business interests to secure Borrower's obligations under the Loan Documents (the "**Elizabeth Slavutsky Interests**"):

      a.    100% of Elizabeth Slavutsky's ownership interests in Yes Food LLC, d/b/a Blue Dog Cafe;

      b.    100% of Elizabeth Slavutsky's ownership interests in Angelic Foods Inc., d/b/a Blue Dog Kitchen Bar;

      c.    100% of Elizabeth Slavutsky's ownership interests in Blue Dog Café at Le Parker Meridien Inc; and

      d.    100% of Elizabeth Slavutsky's ownership interests in 23 Innovations, Inc., d/b/a Blue Dog Kitchen.

22.    Likewise, pursuant to Guarantor's Pledge Agreement, the Guarantor, Yanna Slavutsky, pledged the following business interests to secure the payment of Borrowers' obligations under the Loan Documents (the "**Guarantor Interests**"):

      a.    100% of Guarantor's ownership interests in Healthy Haven Inc., d/b/a Blue Dog Commissary;

      b.    100% of Guarantor's ownership interests in Lavender Kale, LLC;

      c.    100% of Guarantor's ownership interests in Pear Squared, LLC;

      d.    100% of Guarantor's ownership interests in Violet Pear Squared LLC; and

      d.    100% of Guarantor's ownership interests in Purple Coconut LLC.

23.    Pursuant to the Pledge Agreement, the pledges of the Elizabeth Slavutsky Interests and the Guarantor Interests included, among other things, "all rights, privileges, authority and powers of such Pledgor as an owner or holder of such Pledged Equity Interests".

24.    Original Lender perfected its interest in the Collateral by filing UCC-1 Financing Statements (the "**Financing Statements**") with the appropriate filing offices in New York and (out

of an abundance of caution) Florida.  True and correct copies of the Financing Statements are attached hereto as **Exhibit D** and are incorporated by reference as if fully restated herein at length.

25.     Pursuant to Section 15.2 of the Note Agreement, "Lender may, without notice, demand or legal process … take possession of … keep and store any of the Collateral until the same shall be sold or otherwise disposed of, and …[a]t Lender's request, each Loan Party shall, at Borrowers' expense, assemble the Collateral and make it available to Lender at one or more places to be designated by Lender and reasonable convenient to Lender and Loan Parties".[3]

26.     Section 15.2 of the Note Agreement further provides, among other things, that "if a Loan Party fails to perform, observe or discharge any of its Obligations under [the Note Agreement] or the other [Loan Documents], no remedy at law will provide adequate relief to Lender, and [each Loan Party] agrees that Lender shall be entitled to temporary and permanent injunctive relief in any such case without the necessity of proving actual damages."

27.     On October 8, 2018, and in recognition of Borrowers' default under the Note Agreement, the Defendants and Original Lender each executed and delivered a certain Forbearance Agreement (the "**Forbearance Agreement**").  A true and correct copy of the Forbearance Agreement is attached hereto as **Exhibit E** and is incorporated by reference as if fully restated herein at length.

28.     Pursuant to the Forbearance Agreement, among other things, Original Lender agreed to forbear for a period of time (the "**Forbearance Period**") with respect to exercising its default remedies under the Loan Documents, despite the existence of continuing events of default under the Loan Documents.

---

[3] Unless otherwise defined, capitalized terms herein shall have the meaning ascribed to them in the Note Agreement.

29.    The Forbearance Termination Date (as that term is defined in the Forbearance Agreement) occurred upon Defendant Elizabeth Slavutsky's various defaults described in the Notice of Default issued by Original Lender on August 23, 2021 (the "**Notice of Default**").   A true and correct copy of the Notice of Default is attached hereto as **Exhibit F** and is incorporated by reference as if fully restated herein at length.

30.    While Defendant Elizabeth Slavutsky's defaults under the Forbearance Agreement cannot be reasonably disputed, there can be absolutely no dispute that the Forbearance Termination Date has occurred as a result of the recent settlement, resolution and August 8, 2022, Order Granting Motion to Dismiss (the "**Dismissal Order**") with respect to the claim made by Blue Dog at 399, Inc., against Seyfarth Shaw, LLP at Adversary Proceeding No. 19-1029-mew in the U.S. Bankruptcy Court for the Southern District of New York.

31.    As a result of the Dismissal Order becoming a final and non-appealable order effective August 23, 2022, the Forbearance Termination Date has unquestionably occurred, and the Forbearance Period unquestionably ended no later than August 23, 2022.

32.    On September 19, 2022, and in light of the termination of the Forbearance Period, Original Lender issued a Demand for Immediate Payment and/or Turnover of Collateral (the "**Demand Notice**") to the Defendants and their known counsel.    A true and correct copy of the Demand Notice is attached hereto as **Exhibit G** and is incorporated by reference as if fully restated herein at length.

33.    As provided in the Demand Notice, Original Lender made demand for payment in the amount of Nine Million, Thirty-Eight Thousand, Four Hundred, Eighty-Four and 43/100 Dollars ($9,038,484.43) (the "**Note Obligation**"), which was immediately due and payable, jointly and severally, by the Borrowers, with such payment guaranteed by Guarantor.

*Plus additional interest at $1, 618.05 per diem, plus costs and expenses, including, but not limited to, legal expenses and attorneys' fees.

34.     The Demand Notice required the Defendants to either pay the Note Obligation or to immediately assemble all of the Collateral under the Loan Documents and make it available to, as is required by the Loan Documents.

35.     As provided in the Demand Notice, Defendants  had until September 29, 2022, to comply with the terms of the Demand Notice.

36.     Original Lender's rights under the Loan Documents have been assigned to Lender. A true and correct copy of the Assignment is attached hereto as **Exhibit H** and is incorporated by reference as if fully restated herein at length.

37.     To date, Defendants have failed or refused to comply with the Demand Notice, by failing or refusing to pay any of the Note Obligation and failing or refusing to assemble any of the Collateral or make such Collateral available as required by the Loan Documents.

38.     Lender is entitled to immediate possession of its Collateral pursuant to the Loan Documents.

39.     Despite having the express right to do so under the Loan Documents, Lender does not believe it possible to gain access to the Defendants' places of business to take possession of the Collateral without breaching the peace.

40.     Upon information and belief, the value of the Collateral is far less than the amount of the Note Obligation currently due to Lender.

41.     The updated Note Obligation as of December 15, 2022 is as follows:

**UNPAID PRINCIPAL BALANCE:**                                    **$5,905,869.00**
**NOTE INTEREST THROUGH 11/16/2017:**                  **$  288,569.37**
**DEFAULT INTEREST FROM 11/16/2017 to 9/19/2022:**  <u>**$2,984,816.09**</u>

**TOTAL NOTE OBLIGATION DUE AS OF 9/19/2022:**       **$9,179,254.46**

*Plus additional interest at $1, 618.05 per diem, plus costs and expenses, including, but not limited to, legal expenses and attorneys' fees.

## COUNT I
### (Breach of Contract – Borrowers)
*Failure to Pay Note Obligation*

42.     Each of the foregoing Paragraphs are expressly incorporated by reference as if fully restated herein at length.

43.     As of December 15, 2022, Borrowers owed Lender the Note Obligation, $9,179,254.46, plus additional interest at $1, 618.05 per diem, plus costs and expenses, including, but not limited to, legal expenses and attorneys' fees.

44.     Pursuant to the Note Agreement, the Note Obligation, additional interest, costs and expenses, including, but not limited to, legal expenses and attorneys' fees, are all immediately due and payable, jointly and severally, by the Borrowers.

45.     Despite demand, Borrowers have failed or refused to pay the Note Obligation to Lender.

46.     Borrowers' failure or refusal to pay the Note Obligation constitute a breach of the Note Agreement.

WHEREFORE, Lender, CDBD Holdings, Inc., respectfully requests the Court to enter judgment in favor of Lender and against Borrowers, Elizabeth Slavutsky, Yes Food LLC, Angelic Foods Inc., Blue Dog Café at Le Parker Meridien Inc., Healthy Haven Inc., Lavender Kale LLC, Pear Squared LLC, Violet Pear Squared LLC, and Purple Coconut LLC, jointly and severally, in the amount of Nine Million, One Hundred and Seventy-Nine Thousand, Two Hundred, Fifty-Four and 46/100 Dollars ($9,179,254.46), plus additional interest at $1,618.05 per diem, plus costs and

expenses, including, but not limited to, legal expenses and attorneys' fees, together with such other relief as the Court determines.

## COUNT II
### (Breach of Contract – All Defendants)
*Failure to Assemble Collateral and Make it Available*

47.    Each of the foregoing Paragraphs are expressly incorporated by reference as if fully restated herein at length.

48.    The Note Agreement requires Defendants to "…[a]t Lender's request, each Loan Party shall, at Borrowers' expense, assemble the Collateral and make it available to Lender at one or more places to be designated by Lender and reasonable convenient to Lender and Loan Parties".

49.    By its Demand Notice, Lender requested that the Defendants assemble the Collateral and make it available to Lender.

50.    Despite demand, Defendants failed or refused to assemble Lender's Collateral.

51.    Defendants' failure or refusal to assemble Lender's Collateral is a breach of the Note Agreement.

WHEREFORE, Lender, CDBD Holdings, Inc., respectfully requests the Court to enter judgment in favor of Lender and against all Defendants, jointly and severally, requiring immediate assembly and surrender of all Collateral to Lender, together with such other relief as the Court determines.

## COUNT III
### (Replevin – All Defendants)

52.    Each of the foregoing Paragraphs are expressly incorporated by reference as if fully restated herein at length.

53.    As a result of Defendants' defaults under the Loan Documents, and failure to pay the Note Obligation when due, Lender is entitled to immediate possession of the Collateral.

54.     Each of the Defendants remain in possession of the Collateral, which Collateral is located at the Defendant's respective places of business.

55.     Each of the Defendants' rights to possession are subject to the rights of Lender as the secured party.

56.     Defendants have failed or refused to turn over Lender's Collateral, despite demand to do the same.

57.     As a result of the defaults by Defendants, Lender is entitled to repossess the Collateral at this time and, pursuant to Rule 64 of the Federal Rules of Civil Procedure, is entitled to a Writ of Replevin issued by this Court to assist it in the repossession of the Collateral.

WHEREFORE, Lender, CDBD Holdings, Inc., respectfully requests the Court to issue a Writ of Replevin directing the U.S. Marshals, or another designated official under the Court's supervision, to seize all identifiable Borrower Collateral in the possession of Borrowers, Elizabeth Slavutsky, Yes Food LLC, Angelic Foods Inc., Blue Dog Café at Le Parker Meridien Inc., Healthy Haven Inc., Lavender Kale LLC, Pear Squared LLC, Violet Pear Squared LLC, Purple Coconut LLC, and all Guarantor Collateral in the possession of Guarantor, Yanna Slavutsky, and to deliver the same to Lender's possession, together with such other relief as the Court determines.

## COUNT IV
### (Temporary and Permanent Injunction - All Defendants)

58.     Each of the foregoing Paragraphs are expressly incorporated by reference as if fully restated herein at length.

59.     Despite being expressly obligated to do so pursuant to the Loan Documents, the Defendants have failed or refused Lender's demand that Defendants assemble Lender's Collateral.

60.     Thus, Lender is unable to take possession of its Collateral under Article 9 of the Uniform Commercial Code or otherwise, without breaching the peace.

61.     As a result of Defendants' conduct, Lender is being denied the right to immediate possession of the Collateral covered by its broad security interest, without incurring substantial risk.

62.     There is a strong likelihood that Lender will succeed on the merits of its claims.

63.     Unless the status quo is maintained and Defendants are immediately restrained by this Court from selling, moving or otherwise disposing or incumbering Collateral subject to Lender's security interest, Lender will suffer immediate, substantial and irreparable harm.

64.     The benefit to the Lender in obtaining injunctive relief is equal to or outweighs the potential harm which Defendants may suffer if the Court grants the request injunctive relief.

65.     The issuance of an injunction in this proceeding will not impact the public.

66.     Moreover, as expressly provided in the Note Agreement, the Defendants expressly consented to the issuance of temporary and permanent injunctions in favor of Lender.

WHEREFORE, Lender, CDBD Holdings, Inc., respectfully requests the Court to issue temporary and permanent injunctions restraining all Defendants from selling, moving or otherwise disposing or incumbering any Collateral that may be in any Defendants possession or control, together with such other relief as the Court determines.

### COUNT V
**(Declaratory Judgment v. All Defendants)**

67.     Each of the foregoing Paragraphs are expressly incorporated by reference as if fully restated herein at length.

68.     Some of the items of Collateral are general intangibles that do not easily lend themselves to seizure and possession.

69.     For example, Exhibit A to the Note Agreement provides that the pledge of Commercial Tort Claims expressly includes "Any claim, litigation or other proceeding arising out

of the engagement of Seyfarth Shaw, LLP, as counsel to Elizabeth Slavutsky and/or Blue Dog 399" (the "**Litigation Claim**").

70.     By way of further example, both Elizabeth Slavutsky and Guarantor, Yanna Slavutsky, have pledged ownership and managerial interests in business entities (collectively, the "**Business Interests**"), including, but not limited to:

a.     100% of Elizabeth Slavutsky's interests in Yes Food LLC, d/b/a Blue Dog Cafe;

b.     100% of Elizabeth Slavutsky's interests in Angelic Foods Inc., d/b/a Blue Dog Kitchen Bar;

c.     100% of Elizabeth Slavutsky's interests in Blue Dog Café at Le Parker Meridien Inc; and

d.     100% of Elizabeth Slavutsky's interests in 23 Innovations, Inc., d/b/a Blue Dog Kitchen.

e.     100% of Guarantor's interests in Healthy Haven Inc.;

f.     100% of Guarantor's interests in Lavender Kale LLC;
g.     100% of Guarantor's interests in Pear Squared LLC;
h.     100% of Guarantor's interests in Violet Pear Squared LLC; and
i.     100% of Guarantor's interests in Purple Coconut LLC.

71.     Still further, the Borrowers own and use the Blue Dog Tradename, which is also part of Lender's Collateral.

72.     As the Defendants have failed or refused to turn over any Collateral, let alone the Litigation Claim, the Business Interests or the Blue Dog Tradename, as they are required to do pursuant to the Loan Documents, Lender will suffer harm by not being able to prove ownership of said general intangible Collateral absent a Declaratory Judgment from this Court.

WHEREFORE, Lender, CDBD Holdings, Inc., respectfully requests the Court to issue judgment in favor of Lender and against all Defendants declaring that the following Collateral rightfully belongs to Lender: (a) the Litigation Claim; (b) 100% of Elizabeth Slavutsky's interests

in Yes Food LLC, d/b/a Blue Dog Cafe; (c) 100% of Elizabeth Slavutsky's interests in Angelic

Foods Inc., d/b/a Blue Dog Kitchen Bar; (d) 100% of Elizabeth Slavutsky's interests in Blue Dog

Café at Le Parker Meridien Inc; (e) 100% of Elizabeth Slavutsky's interests in 23 Innovations,

Inc., d/b/a Blue Dog Kitchen; (f) 100% of Guarantor's interests in Healthy Haven Inc.; (g) 100%

of Guarantor's interests in Lavender Kale LLC; (h) 100% of Guarantor's interests in Pear Squared

LLC; (i) 100% of Guarantor's interests in Violet Pear Squared LLC; and (j) 100% of Guarantor's

interests in Purple Coconut LLC; and (k) the Blue Dog Tradename, together with such other relief

as the Court determines.

Respectfully submitted,
*/s/ Stephen M. Faraci, Sr.*
Stephen M. Faraci, Sr.
New York State Bar No. 5052501
Virginia State Bar No. 42748
Whiteford, Taylor & Preston, LLP
Two James Center
1021 East Cary Street, Suite 1700
Richmond, Virginia 23219-4000
T:  804.977.3307
Email:     sfaraci@wtplaw.com

Scott M. Hare
Pa. I.D. No.: 63818
*(Pro Hac Admission to be filed)*
Whiteford Taylor & Preston LLP
11 Stanwix Street, Suite 1400
Pittsburgh, PA 15222
T:  412-275-2399
Email:     share@wtplaw.com

Harry A. Readshaw
Pa. I.D. No.: 204287
*(Pro Hac Admission to be filed)*
Whiteford Taylor & Preston LLP
11 Stanwix Street, Suite 1400
Pittsburgh, PA 15222
T:  412-752-7772
Email:     hreadshaw@wtplaw.com

Dated:  January 5, 2023