UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CDBD HOLDINGS, INC.,

    Plaintiff,

-against-

ELIZABETH SLAVUTSKY, et al.,

    Defendants.

23-CV-71 (BCM)

**ORDER REGARDING SEALING REQUEST**

**BARBARA MOSES, United States Magistrate Judge.**

    By motion dated August 27, 2023 (Dkt. 70), plaintiff CDBD Holdings, Inc. (CDBD) moved for a temporary restraining order (TRO) and preliminary injunction (PI) against defendant Elizabeth Slavutsky, to prevent her from disbursing to her mother a settlement payment that Slavutsky was due to receive pursuant to an agreement (the Slavutsky Settlement Agreement) to settle a certain claim (the Claim) that she had asserted against Seyfarth Shaw, LLP (Seyfarth) in an adversary proceeding pending in the United States Bankruptcy Court for the Southern District of New York (the Bankruptcy Court). Plaintiff asserted that Slavutsky had already "assigned all interest in the Claim and any proceeds thereof" to CDBD, and therefore should not be permitted to forward the settlement payment to her mother. (Dkt. 71 at 1.) In its brief, plaintiff advised that "[t]he amount of the settlement payment is confidential and therefore not disclosed herein, but will be disclosed *in camera* to the Court." (*Id.*)

    By Order dated August 28, 2023, I directed plaintiff to file the Slavutsky Settlement Agreement "under seal, at the '*ex parte*' level (i.e., visible only to the filing party and the Court) – together with a letter-motion explaining the need for '*ex parte*' sealing (as opposed to sealing at the 'selected parties' level (i.e., visible to designated parties and the Court, but not the public)." (Dkt. 72 at 1.) The following day, plaintiff filed the Slavutsky Agreement under seal, at the *ex parte* level, along with three related documents: a side letter regarding the Slavutsky Settlement

Agreement (the Side Letter); another settlement agreement resolving claims brought against Seyfarth by the Liquidating Trustee of the debtor in the Bankruptcy Court (the Blue Dog Settlement Agreement); and the written disbursement instructions (Disbursement Instructions) directing the escrow agent to pay the amount due under the Slavutsky Settlement Agreement to Slavutsky's mother. (Dkts. 75, 76.) Plaintiff also filed a letter-motion, as directed, in which it argued that continued sealing of all of the documents at issue "is proper and warranted" because plaintiff remains "obligated to preserve the confidentiality of the various settlement and escrow figures" pursuant to confidentiality provisions in the Slavutsky Settlement Agreement and the Blue Dog Settlement Agreement. Pl. Mtn. (Dkt. 74) at 5. On August 30, 2023, after a hearing, I denied plaintiff's motion for a TRO and PI. (Dkt. 80.) I now turn to the sealing issue.

In its letter-motion, plaintiff reports that three of the documents it filed under seal in this Court (all but the Disbursement Instructions) were previously "filed of public record" in the Bankruptcy Court, with "limited redactions" obscuring the dollar amounts of settlement payments and certain payment-related details. Pl. Mtn. at 5. I agree with plaintiff that these details need not be made public, because they are "not relevant to the parties' legal dispute and implicate legitimate privacy interests." *SOHC, Inc. v. Zentis Sweet Ovations Holding LLC*, 2014 WL 5643683, at *5 (S.D.N.Y. Nov. 4, 2014). But plaintiff does not explain why the documents as a whole should be sealed in this Court – rather than filed in redacted form – and consequently I cannot agree to that result, except as to the Disbursement Instructions, which reveal Slavutsky's mother's confidential banking information, and therefore should remain under seal.

Accordingly, plaintiff's sealing motion is GRANTED IN PART, to the extent that the Disbursement Instructions, and the *unredacted* versions of the remaining documents now filed at Dkts. 75 and 76, shall remain under seal. However, no later than **April 3, 2024**, plaintiff must file,

2

on the public docket of this action, redacted versions of the Slavutsky Settlement Agreement, the Side Letter, and the Blue Dog Settlement Agreement, which are already available on the docket of the Bankruptcy Court. The redactions in this Court must be no more extensive than the redactions applied to the same documents in the Bankruptcy Court.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 74.

Dated: New York, New York
March 25, 2024

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**